FILED-CLERK
U.S. DISTRICT COURT

2008 APR 18 AM 11: 54

TX EASTERN-MARSHALL

BY_____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| TRITON IP, LLC,<br>a Texas Limited Liability Corporation,<br>Plaintiff,<br><br>v.<br><br>1. NetSuite, Inc.;<br>2. CDC Corporation; and<br>3. CDC Software, Inc. a/k/a CDC Software,<br>Defendants. | Case No.<br><br>Jury Demanded |

## COMPLAINT AND DEMAND FOR JURY TRIAL

For its Complaint against NetSuite, Inc., CDC Corporation and CDC Software, Inc a/k/a CDC Software, (collectively the "Defendants"), Plaintiff Triton IP, LLC ("Triton") alleges as follows.

## PARTIES

1. Triton is a Texas Limited Liability Company with its principal place of business at 207 B North Washington Avenue, Marshall, Texas 75670

2. On information and belief, Defendant NetSuite, Inc. ("NetSuite") is a Delaware corporation with its corporate headquarters and principal place of business at 2955 Campus Drive, Suite 100, San Mateo, CA 94403. NetSuite is qualified to do business in the State of Texas and has appointed Corporation Service Company, 701 Brazos Street, Suite 1050, Austin, TX 78701 as its agent for service of process

3. On information and belief, Defendant CDC Corporation ("CDC") is a Cayman Islands corporation with its North American headquarters at 2 Concourse Parkway, Suite 800, Atlanta, GA 30328

4. On information and belief, Defendant CDC Software, Inc. a/k/a CDC Software, a subsidiary of CDC Corporation, ("CDC Software") is a Delaware corporation with its corporate headquarters and principal place of business at 2 Concourse Parkway, Suite 800, Atlanta, GA 30328. CDC Software has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801 as its agent for service of process.

## JURISDICTION AND VENUE

5. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. On information and belief, Defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

7. Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, each Defendant has a regular and established place of business in this district, has transacted business in this district and has committed and or induced acts of patent infringement in this district.

## INFRINGEMENT OF U.S. PATENT NO. 6,067,525

8. Triton is the owner by assignment of United States Patent No. 6,067,525 ("the '525 patent") entitled "Integrated Computerized Sales Force Automation System," a true copy of which is attached as Exhibit A. The '525 patent was issued on May 23, 2000.

9. Defendant NetSuite has been and now is directly infringing, and indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '525 patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, offering for sale, and/or selling computer software products and services, including, without limitation, customer relationship management software products and services, enterprise resource management software products and services, partner relationship management software products and services, supplier relationship management software products and services, supply chain management software products and services, sales force automation software products and services, sales force management software products and services, financial management software products and services, human capital management software products and services, customer order management software products and services, corporate performance management software products and services, human capital management software products and services, business analytics software products and services, sales software products and services, and marketing software products and services, that are covered by one or more claims of the '525 patent to the injury of Triton. These products and services include, without limitation, NetSuite, NetSuite CRM, NetSuite CRM+. Defendant NetSuite is thus liable for infringement of the '525 patent pursuant to 35 U.S.C. § 271.

10. Defendant CDC has been and now is directly infringing, and indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '525 patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, offering for sale, and/or selling computer software products and services, including, without limitation, customer relationship management software products and services, enterprise resource management software products and services, partner relationship management software products and services, supplier relationship management software

3

products and services, supply chain management software products and services, sales force automation software products and services, sales force management software products and services, financial management software products and services, human capital management software products and services, customer order management software products and services, corporate performance management software products and services, human capital management software products and services, business analytics software products and services, sales software products and services, and marketing software products and services, that are covered by one or more claims of the '525 patent to the injury of Triton. These products and services include, without limitation, CDC Market First. Defendant CDC is thus liable for infringement of the '525 patent pursuant to 35 U.S.C. § 271.

11.     Defendant CDC Software has been and now is directly infringing, and indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '525 patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, offering for sale, and/or selling computer software products and services, including, without limitation, customer relationship management software products and services, enterprise resource management software products and services, partner relationship management software products and services, supplier relationship management software products and services, supply chain management software products and services, sales force automation software products and services, sales force management software products and services, financial management software products and services, human capital management software products and services, customer order management software products and services, corporate performance management software products and services, human capital management software products and services, business analytics software products and services, sales software products and services, and marketing software products and services, that are covered by one or

4

more claims of the '525 patent to the injury of Triton. These products and services include, without limitation, CDC Market First. Defendant CDC Software is thus liable for infringement of the '525 patent pursuant to 35 U.S.C. § 271. On information and belief, to the extent any marking was required by 35 U.S.C. § 287, all predecessors in interest to the '525 Patent complied with such requirements.

12.  To the extent that facts learned in discovery show that Defendants' infringement of the '525 patent is or has been willful, Plaintiff reserves the right to request such a finding at time of trial.

13.  As a result of the above Defendants' infringement of the '525 patent, Triton has suffered monetary damages that are compensable under 35 U.S.C. § 284 in an amount not yet determined, and will continue to suffer such monetary damages in the future unless Defendants' infringing activities are permanently enjoined by this Court.

14.  Unless permanent injunctions are issued enjoining these Defendants and their agents, servants, employees, attorneys, representatives, affiliates, and all others acting on their behalf from infringing the '525 patent, Triton will be greatly and irreparably harmed.

15.  This case presents exceptional circumstances within the meaning of 35 U.S.C. § 285 and Triton is thus entitled to an award of its reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Triton requests that this Court enter:

1.  A judgment in favor of Triton that Defendants have infringed, directly and indirectly, by way of inducing and or contributing to the infringement of the '525 patent;

2.  A permanent injunction, enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in

active concert therewith from infringement, inducing the infringement of, or contributing to the infringement of the '525 patent;

3.  A judgment and order requiring Defendants to pay Triton its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '525 patent as provided under 35 U.S.C. § 284;

4.  An award to Triton of restitution of the benefits Defendants' have gained through their unfair, deceptive, or illegal acts;

5.  A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Triton its reasonable attorneys' fees; and

6.  Any and all other relief for which the Court may deem Triton entitled.

## DEMAND FOR JURY TRIAL

Plaintiff Triton, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Date: April 18, 2008

Respectfully submitted,

TRITON IP, LLC

*/s/ Andrew W. Spangler*

Andrew Wesley Spangler
Lead Counsel
Spangler Law PC
104 E Houston St, Suite 135
Marshall, Texas 75670
903-935-3443
Fax: 903-938-7843
Email: spangler@spanglerlawpc.com

**John J. Edmonds**
Texas State Bar No. 00789758
THE EDMONDS LAW FIRM
709 Sabine Street
Houston, Texas 77007
Telephone: (713) 858-3320
Facsimile: (832) 767-3111
johnedmonds@edmondslegal.com

**David M. Pridham**
R I State Bar No. 6625
Law Office of David Pridham
25 Linden Road
Barrington, Rhode Island 02806
Telephone: (401) 633-7247
Fax: (401) 633-7247
E-mail: david@pridhamiplaw.com

**Counsel for Plaintiff
TRITON IP, LLC**