IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| SFA SYSTEMS, L.L.C. | § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 6:08-CV-142-LED |
| NETSUITE, INC; | § § | |
| CDC CORPORATION; | § | |
| CDC SOFTWARE, INC; | § | JURY TRIAL DEMANDED |
| THE COBALT GROUP, INC.; and | § | |
| ONSTATION CORPORATION, | § § | |
| Defendants. | | |

**ONSTATION CORPORATION'S ANSWER TO SFA'S FIRST AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

Defendant OnStation Corporation hereby responds to the allegations in Plaintiff SFA Systems, L.L.C.'s ("SFA") First Amended Complaint and Demand for Jury Trial dated April 29, 2008, ("the Complaint") as follows:

**PARTIES**

1. OnStation Corporation lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 and, on that basis, denies each and every such allegation.

2. OnStation Corporation lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 and, on that basis, denies each and every such allegation.

3. OnStation Corporation lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 and, on that basis, denies each and every such allegation.

4. OnStation Corporation lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 and, on that basis, denies each and every such allegation.

5. OnStation Corporation admits that its parent corporation, The Cobalt Group, Inc. ("Cobalt"), is a corporation organized and existing under the laws of the State of Deleware. OnStation Corporation further admits that Cobalt's corporate headquarters and principle place of business is at 2200 First Avenue S, Suite 400, Seattle, WA 98134. OnStation Corporation further admits that Cobalt has appointed The Corporation Trust Company, at 1209 Orange St., Wilmington, Delaware 19801, as its agent for service of process. Except as expressly admitted, OnStation Corporation denies any and all remaining allegations in paragraph 5 of the Complaint.

6. OnStation Corporation admits that it is a corporation organized and existing under the laws of the State of California. OnStation Corporation further admits that its corporate headquarters and principle place of business is at 2200 First Avenue S, Suite 400, Seattle, WA 98134. OnStation Corporation further admits that it has appointed CT Corporation System at 818 West Seventh Street, Los Angeles, CA 90017 as its agent for service of process. Except as expressly admitted, OnStation Corporation denies any and all remaining allegations in paragraph 6 of the Complaint.

**JURISDICTION AND VENUE**

7. OnStation Corporation admits that SFA's Complaint purports to state a cause of action arising under the patent laws of the United States. OnStation Corporation admits that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and

1338(a). Except as expressly admitted, OnStation Corporation denies any and all remaining allegations contained in paragraph 7 of the Complaint.

8. OnStation Corporation admits that OnStation Corporation and Cobalt are subject to this Court's specific and general personal jurisdiction. OnStation Corporation lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding other Defendants and, on that basis, denies each and every such allegation. Except as expressly admitted, OnStation Corporation denies any and all remaining allegations contained in paragraph 8 of the Complaint.

9. OnStation Corporation admits that venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b) as to OnStation Corporation and Cobalt. OnStation Corporation lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding other Defendants and, on that basis, denies each and every such allegation. Except as expressly admitted, OnStation Corporation denies any and all remaining allegations contained in paragraph 9 of the Complaint.

## ANSWER TO SFA'S ALLEGATION OF INFRINGEMENT OF U.S. PATENT NO. 6,067,525

10. OnStation Corporation admits that Exhibit A to the Complaint is a copy of U.S. Patent No. 6,067,525 entitled "Integrated Computerized Sales Force Automation System" ("the '525 Patent") and that the '525 Patent recites on its face an issue date of May 23, 2000. OnStation Corporation lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 10 and, on that basis, denies any and all remaining allegations.

11. OnStation Corporation lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 and, on that basis, denies each and every such allegation.

12. OnStation Corporation lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 and, on that basis, denies each and every such allegation.

13. OnStation Corporation lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 and, on that basis, denies each and every such allegation.

14. OnStation Corporation admits that its parent, Cobalt, provides certain marketing services under the trade name of "OnStation." OnStation Corporation expressly denies that the OnStation marketing services are covered by one or more claims of the '525 Patent and that OnStation Corporation or Cobalt is liable for infringement of the '525 Patent. Except as expressly admitted, OnStation Corporation denies any and all remaining allegations contained in paragraph 14 of the Complaint.

15. OnStation Corporation admits that it provides certain marketing services under the trade name of "OnStation." OnStation Corporation expressly denies that the OnStation marketing services are covered by one or more claims of the '525 Patent and that OnStation Corporation is liable for infringement of the '525 Patent. Except as expressly admitted, OnStation Corporation denies any and all remaining allegations contained in paragraph 15 of the Complaint.

16. OnStation Corporation lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 and, on that basis, denies each and every such allegation.

17. OnStation Corporation denies that it has infringed any valid claim of the '525 Patent, whether willfully or otherwise. OnStation Corporation denies that Plaintiff has reserved the right to request a finding of willful infringement at the time of trial. OnStation Corporation denies any and all remaining allegations contained in paragraph 17 of the Complaint.

18. OnStation Corporation denies that it has infringed the '525 Patent and further denies that SFA has suffered or will suffer any monetary damages as a result of OnStation Corporation's alleged infringement. OnStation Corporation lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding other Defendants and, on that basis, denies each and every such allegation. OnStation Corporation denies any and all remaining allegations contained in paragraph 18 of the Complaint.

19. OnStation Corporation denies that SFA will be harmed unless OnStation Corporation is permanently enjoined from infringing the '525 Patent. OnStation Corporation lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding other Defendants and, on that basis, denies each and every such allegation. OnStation Corporation denies any and all remaining allegations contained in paragraph 19 of the Complaint.

20. OnStation Corporation denies that this case against OnStation Corporation presents exceptional circumstances and that SFA is entitled to an award of its reasonable

attorneys' fees. OnStation Corporation lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding other Defendants and, on that basis, denies each and every such allegation. OnStation Corporation denies any and all remaining allegations contained in paragraph 20 of the Complaint.

## PRAYER FOR RELIEF

21. OnStation Corporation opposes all relief requested for by SFA, and denies that SFA is entitled to any of the relief set forth in SFA's Prayer for Relief, (1)-(6).

## DEMAND FOR JURY

22. SFA's Jury Demand is a demand, not an allegation, and does not require admission or denial.

## AFFIRMATIVE DEFENSES

1. OnStation Corporation did not, and does not directly infringe or indirectly infringe, by contribution or inducement, either literally or by the application of the doctrine of equivalents, any valid claim of the '525 Patent.

2. One or more claims of the '525 Patent is invalid for failure to satisfy one or more of the conditions for patentability in 35 U.S.C. § 1 *et seq.*, including without limitation §§ 101, 102, 103, and/or 112.

3. SFA's patent-infringement claims are barred in whole or in part based on the doctrine of laches.

4. SFA is estopped from construing the claims of the '525 Patent to cover or include, either literally or by application of the doctrine of equivalents, devices manufactured, used, imported, sold, or offered for sale by OnStation Corporation or

methods used by OnStation Corporation because of admissions and statements to the United States Patent and Trademark Office ("PTO") during prosecution of the application leading to the issuance of the '525 Patent, and because of disclosures or language in the specification of the '525 Patent and/or limitations in the claims of the '525 Patent.

5. Upon information and belief, OnStation Corporation alleges that SFA's claim for pre-filing damages is barred, in whole or in part, for failure to comply with 35 U.S.C. § 287.

6. OnStation Corporation reserves all affirmative defenses under rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery or further factual investigation in this case.

## COUNTERCLAIMS

For its counterclaim against SFA, OnStation Corporation alleges as follows:

## PARTIES

1. Counterclaimant OnStation Corporation is a corporation organized and existing under the laws of the State of California. Cobalt's corporate headquarters and principle place of business is at 2200 First Avenue S, Suite 400, Seattle, WA 98134.

2. On information and belief, SFA is a limited liability corporation organized and existing under the laws of the State of Texas. SFA's corporate headquarters and principal place of business is at 207 B North Washington Avenue, Marshall, TX 75670. SFA was formerly known as Triton IP, LLC.

## JURISDICTION AND VENUE

3. OnStation Corporation brings this counterclaim pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202 and arising under the patent laws of the United States, 35 U.S.C. § 1, *et seq*.

4. This Court has subject matter jurisdiction over these counterclaims under at least 28 U.S.C. §§ 1331, 1338(a), and 1367 and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq.

5. On information and belief, SFA has a principle place of business within this District and therefore this Court has personal jurisdiction over SFA.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

## COUNTERCLAIM FOR DECLARATION OF NONINFRINGEMENT

7. OnStation Corporation restates and incorporates by reference each of the allegations of paragraphs 1-6 above of the Counterclaim above, as if fully set forth herein.

8. Based on SFA's filing of the Complaint, an actual controversy has arisen and now exists between the parties as to whether any of OnStation Corporation's products or services infringe any claims of the '525 Patent.

9. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., OnStation Corporation requests a declaration from the Court that its products do not infringe any claim of the '525 Patent, either directly, indirectly, contributorily, by inducement, or otherwise.

## COUNTERCLAIM FOR DECLARATION OF INVALIDITY

10. OnStation Corporation restates and incorporates by reference each of the allegations of paragraphs 1-9 above of the Counterclaim above, as if fully set forth herein.

11. Based on SFA's filing of the Complaint, an actual controversy has arisen and now exists between the parties as to the invalidity of the claims of the '525 Patent.

12. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., OnStation Corporation requests a declaration from the Court that the claims of the '525 Patent are invalid because they fail to comply with the provisions of the patent laws, 35 U.S.C. §§ 100 et seq., including sections 101, 102, 103, and/or 112.

## DEMAND FOR JURY TRIAL

13. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, OnStation Corporation demands a trial by jury of this action.

## PRAYER FOR RELIEF

14. WHEREFORE, Defendant and Counterclaimant OnStation Corporation prays that this Court enter judgment in its favor and grant the following relief:

    A. For an order that SFA take nothing by its Complaint, and that the same be dismissed with prejudice;

    B. For a declaration that Defendant and Counterclaimant OnStation Corporation's products and services do not infringe any claims of the '525 Patent;

    C. For a declaration that the '525 Patent is invalid;

    D. Enter an order finding that this case is exceptional and awarding Defendant and Counterclaimant OnStation Corporation its reasonable attorneys' fees and costs pursuant to 35 U.S.C. § 285; and

    E. Award any additional relief as the Court may deem appropriate and just under the circumstances.


Dated: June 19, 2008        Respectfully submitted,

                  /s/ Michael F. Heim
                Michael F. Heim
                State Bar No. 09380923
                HEIM, PAYNE & CHORUSH
                600 Travis Street; Suite 6710
                Houston, Texas 77002
                Telephone: (713) 221-2000
                Facsimile: (713) 221-2021
                mheim@hpcllp.com

                ATTORNEY-IN-CHARGE FOR
                DEFENDANT, ONSTATION
                CORPORATION

OF COUNSEL:

Micah J. Howe
State Bar No. 24048555
Eric Enger
State Bar No. 24045833
HEIM, PAYNE & CHORUSH
600 Travis Street; Suite 6710
Houston, Texas 77002
Telephone: (713) 221-2000
Facsimile: (713) 221-2021
mhowe@hpcllp.com
eenger@hpcllp.com

## CERTIFICATE OF SERVICE

      The undersigned certifies the foregoing document was filed electronically on June 19, 2008, pursuant to Local Rule CV-5(a) and has been served on all counsel who have consented to electronic service. Local Rule CV-5(a)(3)(A).

                                                ___/s/ Eric J. Enger___
                                                Eric J. Enger