**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| SFA SYSTEMS, LLC, | § § § § | |
| Plaintiff, | | |
| v. | § § | Civil Action No. 6:08-cv-142 (LED) |
| NETSUITE, INC., *et al..* | § § | Judge: Leonard E. Davis |
| Defendants. | § § § | |

**ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM OF DEFENDANTS
CDC CORPORATION AND CDC SOFTWARE, INC.**

Defendants CDC Corporation ("CDC Corp.") and CDC Software, Inc. ("CDC SW;" CDC Corp. and CDC SW collectively, the "CDC Defendants") respectfully submit this Answer, Affirmative Defenses and Counterclaims in response to the First Amended Complaint and Demand For Jury Trial ("Complaint") of SFA Systems, LLC ("SFA") as follows, and further states that anything in SFA's Complaint that is not expressly admitted is hereby denied.

**PARTIES**

1.      The CDC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint, and, on that basis, deny the same.

2.      The CDC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint, and, on that basis, deny the same.

3.      The CDC Defendants admit that CDC Corp. is a Cayman Islands corporation, and deny the remaining allegations set forth in Paragraph 3 of the Complaint.

4.     The CDC Defendants admit the allegations set forth in Paragraph 4 of the Complaint.

5.     The CDC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Complaint, and, on that basis, deny the same.

6.     The CDC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint, and, on that basis, deny the same.

## JURISDICTION AND VENUE

7.     The CDC Defendants admit that the Complaint purports to arise under the patent laws of the United States, Title 35 of the United States Code, but deny any wrongdoing or liability on their own behalf for the reasons stated herein.  The CDC Defendants further admit that SFA purports to base subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).  Except as expressly admitted, the CDC Defendants deny the remaining allegations in Paragraph 7 of the Complaint.

8.     The CDC Defendants deny that they are subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm statute.  The CDC Defendants deny that they conduct substantial business in this forum.  The CDC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 insofar as they relate to the remaining defendants.

9.     The CDC Defendants deny that venue is proper in this district with respect to them.  The CDC Defendants deny that the acts and transactions complained of in the Complaint give rise to any liability and specifically that there is any merit to the claim of SFA for patent

infringement. The CDC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 insofar as they relate to the remaining defendants.

## COUNT I
## ALLEGATIONS OF INFRINGEMENT OF U.S. PATENT NO. 6,067,525

The CDC Defendants refer to and incorporate herein its answers as provided in Paragraphs 1-9 above.

10.  The CDC Defendants admit that United States Patent No. 6,067,525 ("the '525 Patent") on its face recites an issue date of May 23, 2000, and bears the title "Integrated Computerized Sales Force Automation System." The CDC Defendants further admit that a copy of the '525 Patent is attached to the Complaint as Exhibit A. To the extent alleged, the CDC Defendants deny that the '525 Patent was duly and legally issued. Except as expressly admitted, CDC Defendants deny the remaining allegations in Paragraph 10 of the Complaint.

11.  The CDC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint, and, on that basis, deny the same.

12.  The CDC Defendants deny the allegations of Paragraph 12 of the Complaint. The CDC Defendants specifically deny that CDC Corp. has infringed, contributed to the infringement of, or induced the infringement of any valid claims of the '525 Patent, either literally or by the doctrine of equivalents.

13.  The CDC Defendants admit that CDC SW sells and offers to sell computer software products and services, including CDC Market First, and that CDC Market First is a management and marketing software product. The CDC Defendants deny the remaining allegations of Paragraph 13 of the Complaint. The CDC Defendants specifically deny that CDC

SW has infringed, contributed to the infringement of, or induced the infringement of any valid claims of the '525 Patent, either literally or by the doctrine of equivalents.

14. The CDC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint.

15. The CDC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint.

16. The CDC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint.

17. The CDC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint.  The CDC Defendants specifically deny that they received any notice before filing of this suit.

18. The CDC Defendants deny the allegations of Paragraph 18 of the Complaint insofar as they relate to the CDC Defendants.  The CDC Defendants specifically deny that SFA has suffered any monetary or other damages as the result of any alleged infringement by the CDC Defendants.  The CDC Defendants also specifically deny that SFA will continue to suffer monetary or other damages in the future.  The CDC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18 insofar as they relate to the remaining defendants.

19. The CDC Defendants deny the allegations of Paragraph 19 of the Complaint insofar as they relate to the CDC Defendants.  The CDC Defendants specifically deny that SFA will be greatly and irreparably harmed if a permanent injunction is not issued.  The CDC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 insofar as they relate to the remaining defendants.

20.     The CDC Defendants deny the allegations of Paragraph 20 of the Complaint insofar as they relate to the CDC Defendants.  The CDC Defendants specifically deny this case presents exceptional circumstances within the meaning of 35 U.S.C. § 285 and that SFA is entitled to an award of its reasonable attorneys' fees with regard its claims against the CDC Defendants, particularly given the fact that neither SFA nor any predecessor purporting to own the '525 Patent ever contacted or, to the CDC Defendants' knowledge, ever attempted to contact, the CDC Defendants prior to filing this lawsuit in an effort to obtain an assessment of whether the '525 Patent implicates any of CDC SW's products.  The CDC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20 insofar as they relate to the remaining defendants.

21.     The CDC Defendants deny all allegations set forth in the Complaint that were not expressly admitted above, including those allegations as to which the CDC Defendants are without knowledge or information sufficient to form a belief as to the truth thereof.

**RESPONSE TO SFA'S PRAYER FOR RELIEF AND REMAINDER OF FIRST AMENDED COMPLAINT**

22.     The CDC Defendants deny that SFA is entitled to be awarded any of the relief sought in its prayer for relief against the CDC Defendants, their officers, directors, agents, servants, affiliates, divisions, branches, subsidiaries, employees, representatives, parents, successors, assigns, and those acting in privity or concert with the CDC Defendants  The CDC Defendants have not directly, indirectly, contributorily and/or by inducement, literally and/or by the doctrine of equivalents infringed willfully, or otherwise, the '525 Patent.  SFA is not entitled to recover damages, including treble damages and supplemental damages, an accounting, injunctive relief, costs, fees, disbursements, interest, attorneys' fees, or any other type of recovery from the CDC Defendants.  SFA is not entitled to a finding that this is an exceptional

case. At least as to the CDC Defendants, SFA's prayer should, therefore, be denied in its entirety and with prejudice, and SFA should therefore take nothing therefor. Without waiving their defenses as to jurisdiction and venue and expressly subject to same, the CDC Defendants ask that judgment be entered for the CDC Defendants and that this action be found to be an exceptional case entitling the CDC Defendants to be awarded attorneys' fees, together with such other and further relief the Court deems appropriate.

## CDC DEFENDANTS' AFFIRMATIVE DEFENSES

Without assuming any burden that they would not otherwise have, the CDC Defendants assert the following defenses:

### First Affirmative Defense

23. Plaintiff SFA's Complaint fails, in whole or in part, for insufficient service of process pursuant to Federal Rule of Civil Procedure 12(b)(5).

### Second Affirmative Defense

24. SFA's Complaint fails to state a claim on which relief can be granted.

### Third Affirmative Defense

25. The CDC Defendants have not infringed, and the CDC Defendants do not infringe, either directly or indirectly, any valid claim of the '525 Patent.

### Fourth Affirmative Defense

26. No claim of the '525 Patent can be validly construed to cover any product or service of the CDC Defendants.

**Fifth Affirmative Defense**

27. The claims of the '525 Patent are invalid for failure to satisfy one or more of the conditions of patentability of 35 U.S.C. § 1 *et seq.*, including without limitation 35 U.S.C. §§ 101, 102, 103 and/or 112.

**Sixth Affirmative Defense**

28. The '525 Patent is unenforceable against the CDC Defendants under the principles of estoppel, including without limitation the doctrine of prosecution history estoppel.

**Seventh Affirmative Defense**

29. SFA's claims are barred in whole or in part by the doctrine of laches.

**Eighth Affirmative Defense**

30. On information and belief, SFA"s claims are barred in whole or in part by the doctrines of waiver and/or acquiescence.

**Ninth Affirmative Defense**

31. On information and belief, SFA's claims are barred in whole or in part by the doctrine of unclean hands.

**Tenth Affirmative Defense**

32. This Court lacks personal jurisdiction over the CDC Defendants.

**Eleventh Affirmative Defense**

33. Venue is improper as to the CDC Defendants.

**Twelfth Affirmative Defense**

34. SFA's claims for relief and prayer for damages are limited by at least 35 U.S.C. §§ 286 and 287.

### Thirteenth Affirmative Defense

35. SFA is not entitled to any injunctive relief as it, at a minimum, will not suffer any alleged irreparable injury and it has an adequate remedy at law.

### Fourteenth Affirmative Defense

36. The CDC Defendants reserve the right to assert any and all additional affirmative defenses that may be determined during the course of discovery.

### COUNTERCLAIMS OF DEFENDANT CDC SOFTWARE, INC.

Without waiving their defenses as to jurisdiction and venue and expressly subject to same, CDC Software, Inc. brings the following counterclaims:

### Jurisdiction and Venue

Defendant CDC Software, Inc. ("CDC SW") alleges in accordance with Federal Rules of Civil Procedure 13 and 20 against SFA:

37. Defendant CDC SW is a corporation organized and existing under the laws of the State of Delaware and its principal place of business is Two Concourse Parkway, Suite 800, Atlanta, Georgia 30328.

38. On information and belief, SFA is a Texas Limited Liability Company with its principal place of business at 207 B. North Washington Ave., Marshall, Texas 75670.

39. These Counterclaims arise under the United States patent laws, 35 U.S.C. § 101 et seq. These counterclaims seek declaratory relief for which this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

40. Venue is appropriate because SFA has consented to the propriety of venue in this Court by filing its claim for patent infringement in this Court, in response to which this counterclaim is asserted.

**Facts Concerning the '525 Patent**

41. SFA claims to be the owner by assignment of U.S. Patent No. 6,067,525 ("the '525 Patent") entitled "Integrated Computerized Sales Force Automation System." On its face, the '525 Patent states that it was filed on October 30, 1995, and issued on May 23, 2000. The '525 Patent identifies the alleged inventors as Jerome Dale Johnson, David Robert Lundberg, and Michael Paul Krebsbach.

**Count One – United States Patent No. 6,067,525**

**A.   Declaration of Noninfringement**

42. CDC SW realleges and incorporates by reference the allegations set forth in Paragraphs 1-41 above as if fully set forth herein.

43. An actual and justifiable controversy exists between CDC SW and SFA with respect to the '525 Patent because SFA has brought this action against CDC SW alleging that CDC SW infringes the '525 Patent, which allegation CDC SW denies. Absent a declaration of noninfringement, SFA will continue to wrongfully assert the '525 Patent against CDC SW, and thereby cause CDC SW irreparable injury and damage.

44. CDC SW has not infringed the '525 Patent, either directly or indirectly, literally or under the doctrine of equivalents, willfully, or otherwise, and is entitled to a declaration to that effect.

45. This is an exceptional case entitling CDC SW to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

**B.   Declaration of Invalidity**

46. CDC SW realleges and incorporates by reference the allegations set forth in Paragraphs 1-45 above as if fully set forth herein.

47. An actual and justifiable controversy exists between CDC SW and SFA with respect to the validity of the '525 Patent because SFA has brought this action against CDC SW alleging that CDC SW infringes the '525 Patent, which allegation CDC SW denies. Absent a declaration of invalidity, SFA will continue to wrongfully assert the '525 Patent against CDC SW, and thereby cause CDC SW irreparable injury and damage.

48. The '525 Patent is invalid under the provisions of Title 35, United States Code, including, but not limited to Sections 101, 102, 103, and/or 112, and CDC SW is entitled to a declaration to that effect.

49. This is an exceptional case entitling CDC SW to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

## **RELIEF**

WHEREFORE, without waiving its defenses as to jurisdiction and venue and expressly subject to same, CDC SW seeks the following relief:

a. That each and every claim of the '525 Patent be declared not infringed and also declared invalid;

b. That SFA take nothing by its Complaint and that SFA's Complaint be dismissed with prejudice;

c. That pursuant to 35 U.S.C. § 285 and/or other applicable laws, SFA's conduct in commencing and pursuing this action be found to render this an exceptional case and that CDC SW be awarded its attorneys' fees incurred in connection with this action;

d. That CDC SW be awarded its cost of suit incurred herein; and

e. That CDC SW be granted such other and additional relief as this Court deems just and proper.

Dated: June 19, 2008    Respectfully submitted,

       */s/ Michael E. Jones*
       Michael E. Jones
       State Bar No. 10929400
       mikejones@potterminton.com
       POTTER MINTON
       A Professional Corporation
       110 North College
       Suite 500
       P.O Box 359 (75710)
       Tyler, Texas 75702
       Telephone: (903) 597-5311
       Facsimile: (903) 593-0846

       Samuel J. Najim
       snajim@jonesday.com
       JONES DAY
       1420 Peachtree Street, N.E.
       Suite 800
       Atlanta, Georgia 30309-3053
       Telephone: (404) 521-3939
       Facsimile: (404) 581-8330

       ATTORNEYS FOR DEFENDANTS
       CDC CORPORATION AND CDC
       SOFTWARE, INC.

## **CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on June 19, 2008. Any other counsel of record will be served by First Class U.S. Mail on this same date.

       */s/ Michael E. Jones*