IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| SFA SYSTEMS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 6:08-CV-142 (LED) |
| | § | |
| NETSUITE, INC; | § | |
| CDC CORPORATION; | § | **JURY TRIAL DEMANDED** |
| CDC SOFTWARE, INC; | § | |
| THE COBALT GROUP, INC.; and | § | |
| ONSTATION CORPORATION, | § | |
| | § | |
| Defendants. | | |

## DEFENDANT NETSUITE'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

Defendant NetSuite Inc. ("NetSuite"), erroneously sued as "NetSuite, Inc.," hereby answers the First Amended Complaint and Demand For Jury Trial ("Complaint") filed by plaintiff SFA Systems, LLC ("SFA") as follows:

### PARTIES

1. NetSuite is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint, and therefore denies them.

2. NetSuite admits the allegation is paragraph 2 of the Complaint.

3. The allegations in paragraph 3 of the Complaint are not directed to NetSuite, and therefore no answer is required. NetSuite is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint, and therefore denies them.

4. The allegations in paragraph 4 of the Complaint are not directed to NetSuite, and therefore no answer is required. NetSuite is without knowledge or information sufficient to form

a belief as to the truth of the allegations in paragraph 4 of the Complaint, and therefore denies them.

5. The allegations in paragraph 5 of the Complaint are not directed to NetSuite, and therefore no answer is required. NetSuite is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint, and therefore denies them.

6. The allegations in paragraph 6 of the Complaint are not directed to NetSuite, and therefore no answer is required. NetSuite is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint, and therefore denies them.

## JURISDICTION AND VENUE

7. The allegations in paragraph 7 of the Complaint set forth legal conclusions to which no response is required. NetSuite admits that this action invokes the United States patent laws, and that this Court has subject matter jurisdiction over patent law claims. NetSuite denies that it has committed any act of infringement or any wrongful act within the Eastern District of Texas, or any other District.

8. NetSuite admits that it is subject to this Court's specific personal jurisdiction. NetSuite denies the remainder of the allegations in paragraph 8 of the Complaint that apply to NetSuite. NetSuite is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 of the Complaint insofar as they relate to the remaining defendants.

9. NetSuite denies that venue is proper in this district with respect to them. NetSuite denies that the acts and transactions complained of in the Complaint give rise to any liability and specifically that there is any merit to the claim of SFA for patent infringement. NetSuite is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 of the Complaint insofar as they relate to the remaining defendants.

## COUNT FOR INFRINGEMENT OF U.S. PATENT NO. 6,067,525

10. NetSuite admits that United States Patent No. 6,067,525 ("the '525 Patent") is entitle "Integrated Computerized Sales Force Automation System," and issued on May 23, 2000, but denies that the patent was duly and legally issued. NetSuite further admits that what appears to be a copy of the '525 Patent is attached to the Complaint as Exhibit A. NetSuite admits that, according to publicly available assignment records at the United States Patent and Trademark Office, an assignment of the '525 patent to SFA was recorded and that no subsequent assignment has been recorded, but NetSuite denies that this assignment is valid or effective.

11. NetSuite denies the allegations of paragraph 11 of the Complaint. NetSuite specifically denies that it has infringed, contributed to the infringement of, or induced the infringement of any valid claims of the '525 Patent, either literally or by the doctrine of equivalents.

12. The allegations in paragraph 12 of the Complaint are not directed to NetSuite, and therefore no answer is required. NetSuite is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint, and therefore denies them.

13. The allegations in paragraph 13 of the Complaint are not directed to NetSuite, and therefore no answer is required. NetSuite is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint, and therefore denies them.

14. The allegations in paragraph 14 of the Complaint are not directed to NetSuite, and therefore no answer is required. NetSuite is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint, and therefore denies them.

15. The allegations in paragraph 15 of the Complaint are not directed to NetSuite, and therefore no answer is required. NetSuite is without knowledge or information sufficient to form

a belief as to the truth of the allegations in paragraph 15 of the Complaint, and therefore denies them.

16.  NetSuite is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint, and therefore denies them.

17.  Paragraph 17 of the Complain contains a reservation of rights to which no response is required.

18.  NetSuite denies the allegations of paragraph 18 of the Complaint that pertain to NetSuite.  NetSuite specifically denies that SFA has suffered any monetary or other damages as the result of any alleged infringement by NetSuite.  NetSuite also specifically denies that SFA will continue to suffer monetary or other damages in the future.  The remaining allegations of paragraph 18 of the Complaint are not directed to NetSuite, and therefore no response is required.  NetSuite is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 18 of the Complaint, and therefore denies them.

19.  NetSuite denies the allegations of paragraph 19 of the Complaint that pertain to NetSuite.  NetSuite specifically denies that SFA will be greatly and irreparably harmed if a permanent injunction is not issued.  The remaining allegations of paragraph 19 of the Complaint are not directed to NetSuite, and therefore no response is required.  NetSuite is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 19 of the Complaint, and therefore denies them.

20.  NetSuite denies the allegations of paragraph 20 of the Complaint that pertain to NetSuite.  NetSuite specifically denies this case presents exceptional circumstances within the meaning of 35 U.S.C. § 285 and that SFA is entitled to an award of its reasonable attorneys' fees with regard its claims against NetSuite, particularly given the fact that neither SFA nor any predecessor purporting to own the '525 Patent ever contacted or, to NetSuite's knowledge, ever attempted to contact, NetSuite prior to filing this lawsuit in an effort to obtain an assessment of whether the '525 Patent implicates any of NetSuite's products.  The remaining allegations of

paragraph 20 of the Complaint are not directed to NetSuite, and therefore no response is required. NetSuite is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 20 of the Complaint, and therefore denies them.

### PRAYER FOR RELIEF

21.   SFA's Prayer for Relief contains the statement of relief requested by SFA to which no response is required. NetSuite denies that SFA is entitled to any of the relief sought by its Prayer for Relief.

### DEMAND FOR JURY TRIAL

22.   No response to SFA's Demand for Jury Trial is required.

### NETSUITE'S AFFIRMATIVE DEFENSES

Subject to the responses above, NetSuite alleges and asserts the following defenses in response to the allegations of the Complaint, undertaking the burden of proof only as to those defenses required by law. In addition to the affirmative defenses described below, NetSuite specifically reserves all rights to allege additional affirmative defenses that become known through the course of discovery.

### FIRST AFFIRMATIVE DEFENSE
#### (NON-INFRINGEMENT)

1.   NetSuite does not make, use, sell, offer for sale, or import into the United States, and have not made, used, sold, offered for sale, or imported into the United States any products or services that infringe any valid claim of the '525 Patent either directly, indirectly, contributorily, through the doctrine of equivalents, or otherwise, and have not induced others to infringe the '525 Patent.

## SECOND AFFIRMATIVE DEFENSE

### (INVALIDITY)

2. The claims of the '525 Patent are invalid for failure to satisfy one or more of the conditions of patentability of 35 U.S.C. § 1 *et seq.*, including without limitation 35 U.S.C. §§ 101, 102, 103 and/or 112.

## THIRD AFFIRMATIVE DEFENSE

### (WAIVER, LACHES AND/OR ESTOPPEL)

3. SFA's claims are barred by the doctrines of waiver, laches and/or estoppel including prosecution history estoppel.

## FOURTH AFFIRMATIVE DEFENSE

### (FAILURE TO MARK)

4. On information and belief, SFA's alleged damages are limited because neither it nor its predecessors-in-interest have satisfied the requirements for obtaining damages under 35 U.S.C. §287 from the date the '525 Patent issued.

## FIFTH AFFIRMATIVE DEFENSE

### (STANDING)

5. SFA has no standing to assert claims of infringement with respect to the '525 patent because SFA is not the owner of the '525 Patent, or does not have the necessary rights in and to the '525 Patent to assert these claims of infringement.

## SIXTH AFFIRMATIVE DEFENSE

### (TIME LIMITATION ON DAMAGES)

6. The relief sought by SFA is barred or limited by operation of, at least, 35 U.S.C. §§286 and 287.

## SEVENTH AFFIRMATIVE DEFENSE

### (UNCLEAN HANDS)

7. On information and belief, SFA's claims are barred in whole or in part by the doctrine of unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

### (NO IRREPARABLE INJURY)

8. SFA is not entitled to any injunctive relief as it, at a minimum, will not suffer any alleged irreparable injury and it has an adequate remedy at law.

## NINTH AFFIRMATIVE DEFENSE

### (FAILURE TO STATE A CLAIM)

9. SFA's Complaint fails to state a claim on which relief can be granted.

## COUNTERCLAIMS

NetSuite Inc. ("NetSuite"), for its counterclaims against plaintiff SFA and upon information and belief, states as follows:

## PARTIES

1.      Defendant NetSuite is a Delaware corporation with its principal place of business at 2955 Campus Drive, Suite 100, San Mateo, CA 94403.

2.      Upon information and belief, SFA is a Texas Limited Liability Company with its principal place of business at 207 B. North Washington Ave., Marshall, Texas 75670.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

4.      By filing its Complaint, SFA has consented to the personal jurisdiction of this Court.

5.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 and 28 U.S.C. § 1400.

## EXISTENCE OF ACTUAL CONTROVERSY

6.      SFA alleges in its Complaint that it owns all right title and interest in the '525 patent as an assignee.

7.      SFA alleges in its Complaint that Defendants have made, used, offered for sale, sold and/or caused to be made, used, offered for sale or sold products, systems, and/or services that infringe the '525 patent.

8.      SFA alleges in its Complaint that the '525 patent is valid and complies with all of the requirements of 35 U.S.C. § 1 *et seq*

## FIRST COUNTERCLAIM: Declaratory Judgment of Non-Infringement

9.      NetSuite incorporates the allegations in paragraphs 1 through 8 of these Counterclaims as if fully set forth herein.

10.     Defendants' products do not infringe, either directly or indirectly, or under the doctrine of equivalents or otherwise, any claim of the '525 Patent.

11.     SFA's wrongful allegations of infringement of the '525 Patent and NetSuite's denial of those allegations create the existence of an actual controversy under 28 U.S.C. §§ 2201 and 2202.  NetSuite seeks a judgment that it has not infringed and is not infringing, under doctrine of equivalents or otherwise, any claim of the '525 Patent, and that it has not contributed to or induced and is not contributing to or inducing infringement of any claim of the '525 Patent.

### SECOND COUNTERCLAIM: Declaratory Judgment of Invalidity

12.     NetSuite incorporates the allegations in paragraphs 1 through 11 of these Counterclaims as if fully set forth herein.

13.     The '525 Patent is invalid for failure to satisfy one or more of the conditions of patentability set forth Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and/or 112.

14.     SFA's wrongful allegations of validity of the '525 Patent and NetSuite's denial of those allegations create the existence of an actual controversy under 28 U.S.C. §§ 2201 and 2202.  NetSuite seeks a judgment that the '525 Patent is invalid for failure to satisfy one or more of the requirements of Title 35, including without limitation, Sections 101, 102, 103, and/or 112.

### RELIEF REQUESTED

WHEREFORE, NetSuite respectfully request the following relief:

1.     A judgment in favor of NetSuite denying SFA all relief requested in its Complaint in this action and dismissing SFA's Complaint for patent infringement with prejudice;

2.     A judgment declaring that NetSuite has not infringed and are not infringing any claim of the '525 Patent, under the doctrine of equivalents or otherwise, and that NetSuite has not contributed to or induced and are not contributing to or inducing infringement of any claim of the '525 Patent;

  3. A judgment declaring that each claim of the '525 Patent is invalid and unenforceable;

  4. A judgment declaring this to be an exceptional case under 35 U.S.C. § 285 and awarding NetSuite its costs, expenses, and reasonable attorneys' fees;

  5. That the Court award NetSuite such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

  In accordance with Fed. R. Civ. P. 38(b), NetSuite demands a trial by jury on all issues so triable.

Dated: July 18, 2008

Respectfully submitted,

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

/s/ Victoria Maroulis

**Kevin P.B. Johnson**
Lead Attorney
CA State Bar No. 177129
kevinjohnson@quinnemanuel.com
**Victoria Maroulis**
CA State Bar No. 202603
(admitted in E.D. Tex)
victoriamaroulis@quinnemanuel.com
**Benjamin L. Singer**
NY State Bar No. BS2704
benjaminsinger@quinnemanuel.com
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California  94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

> CAPSHAW DERIEUX, LLP
>
> **S. Calvin Capshaw**
> State Bar No. 03783900
> ccapshaw@capshawlaw.com
> **Elizabeth L. DeRieux**
> State Bar No. 05770585
> ederieux@capshawlaw.com
> Energy Centre
> 1127 Judson Road, Suite 220
> P. O. Box 3999 (75606-3999)
> Longview, Texas 75601-5157
> Telephone: (903) 236-9800
> Facsimile: (903) 236-8787
>
> Attorneys for Defendants NetSuite Inc.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on July 18, 2008. Any other counsel of record will be served by First Class U.S. Mail on this same date.

> /s/ Victoria Maroulis
> Victoria Maroulis